1  | SEYFARTH SHAW LLP
2  | John R. Giovannone (SBN 239366)
   | *jgiovannone@seyfarth.com*
3  | 333 South Hope Street, Suite 3900
   | Los Angeles, California  90071
4  | Telephone:  (213) 270-9600
   | Facsimile:  (213) 270-9601
5  |
6  |
   | Attorneys for Defendant
7  | LEXISNEXIS RISK SOLUTIONS INC.
8  |

9  |              UNITED STATES DISTRICT COURT

10 |       CENTRAL DISTRICT OF CALIFORNIA - CENTRAL DISTRICT

11 |

12 | JANE ROE,                              ) Case No.
13 |                                        )
   |              Plaintiff,                ) **CV12·6284** GAF (Ex)
14 |                                        )
   |        v.                              )
15 |                                        ) **NOTICE OF REMOVAL OF**
   |                                        ) **CIVIL ACTION TO UNITED**
16 | LEXISNEXIS RISK SOLUTIONS,             ) **STATES DISTRICT COURT**
   | INC., d.b.a. CHOICEPOINT, a foreign    ) **PURSUANT TO 28 U.S.C. §§**
17 | corporation doing business in California, ) **1441(a) and (b)**
   | and DOES 1-10 inclusive,               )
18 |                                        ) **(Federal Question [Federal Fair**
   |              Defendants.               ) **Credit Reporting Act, 15 U.S.C. §**
19 |                                        ) **1681** *et seq.***], and Supplemental**
   |                                        ) **Jurisdiction)**
20 |                                        )
21 |                                        ) [LASC Case No. BC 485507]
   |                                        )
22 |                                        )
   |                                        ) Complaint Filed:    May 29, 2012
23 |                                        )
   |                                        )
24 |                                        )

25 |
26 |
27 |
28 |                                        COPY

---

14679264v.1

1  TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

2  DISTRICT OF CALIFORNIA, CENTRAL DISTRICT AND TO PLAINTIFF

3  AND HER COUNSEL OF RECORD:

4  PLEASE TAKE NOTICE that Defendant LexisNexis Risk Solutions Inc.

5  ("LexisNexis" or "Defendant") hereby files this Notice of Removal pursuant to 28

6  U.S.C. §§ 1331 and 1441(a) based on federal question jurisdiction in order to

7  effectuate the removal of the above-captioned action from the Superior Court of

8  the State of California for the County of Los Angeles, to the United States District

9  Court for the Central District of California, Central District, and states that the

10  removal is proper for the following reasons:

11

12  **I.    BACKGROUND**

13

14  1.    This removal involves an action that was filed on behalf of a

15  fictitiously named plaintiff, Jane Roe, in the Superior Court of the State of

16  California for the County of Los Angeles.  The action is titled "*Jane Roe, Plaintiff*

17  *v. LexisNexis Risk Solutions, Inc, d.b.a. Choicepoint, a foreign corporation doing*

18  *business in California, and Does 1-10 inclusive, Defendants*" Case No. BC

19  485507.  The Complaint alleges seven (7) causes of action: "FIRST … Violation

20  of 15 United States Code §1681e(b)" (Cmplt. 8:21-22), "SECOND … Violation of

21  15 United States Code §1681k(b)" (Cmplt. 9:10-11), "THIRD … Violation of

22  California Civil Code §§1786.18(a)(7); 1786.20(a)" (Cmplt. 9:28-29), "FOURTH

23  … Violation of California Civil Code §1786.20(b)" (Cmplt. 10:26-27), "FIFTH …

24  Violation of California Civil Code §1786.28(b)" (Cmplt. 11:11-12), and the sixth

25  and seventh causes, which are both for alleged "Violation of California B&P

26  §1700 *et seq.*" (Cmplt. 11:30; 12:18: claims that are derivative of and dependent on

27  the first five, but enable the prayer for injunctive relieve).

28  2.    Plaintiff filed the Complaint on May 29, 2012.

3.     The Complaint has not been served on LexisNexis, but LexisNexis was warned by Plaintiff that the Complaint would be filed and was able to obtain a copy of the Complaint in connection with its periodic review of the California state court filings.  By way of its initial appearance in the state court for the purposes of this removal (see ¶ 16 *infra*), LexisNexis accepts constructive service as of the date of these filings.  Accordingly, pursuant to 28 U.S.C. § 1446(a) copies of the: Complaint; Los Angeles Superior Court Civil Cover Sheet; and Los Angeles Superior Court Civil Cover Sheet Addendum and Statement of Location collectively attached as Exhibit "1" hereto.

## II.   **TIMELINESS OF REMOVAL**

4.     This notice of removal is timely filed as it is filed less than one year from the date this action was commenced and within thirty days of service upon LexisNexis.  *See* 28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (thirty-day deadline to remove commences upon effective service of summons and complaint).

## III.   **PROCEEDINGS IN STATE COURT**

5.     The Superior Court has scheduled a Case Management Conference for 8:45 a.m. on October 15, 2012.  There are no other proceedings scheduled in the Superior Court.  Exhibit "1" attached hereto constitutes all of the pleadings that LexisNexis was able to obtain prior to the filing of this Notice of Removal.

/ / /

/ / /

/ / /

/ / /

-3-

14679264v.1

## IV.   **FEDERAL QUESTION JURISDICTION**

6.     This action is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1331.  The action may be removed to this Court by LexisNexis under 28 U.S.C. Section 1441(a) because, as the first two causes of action set forth above demonstrate, the action arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

7.     Any civil action commenced in state court is removable if it might have been brought originally in federal court.  *See* 28 U.S.C. § 1441(a); *see also Exxon Mobil Corp. v. Allapattach Servs., Inc.*, 545 U.S. 546, 563-64 (2005) (observing that a "district court has original jurisdiction of a civil action for purposes of section 1441(a) as long as it has original jurisdiction over a subset of claims constituting the action").

### A.   **Express Federal Statutory Grant of Original Jurisdiction Over Claims Arising Under FCRA**

8.     Federal courts have original jurisdiction over claims arising under the FCRA.  Under the FCRA, the district courts of the United States shall have original jurisdiction over any action involving FCRA claims.  *See* 15 U.S.C. § 1681p ("An action brought to enforce any liability created under this subchapter may be brought in any appropriate United States District Court....").

9.     To wit, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's FCRA claims arise from the "Constitution, laws or treaties of the United States."  Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a) ("[A]any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ").

-4-

14679264v.1

B.      **Decisions Recognizing Original Jurisdiction Under the FCRA**

10.     United States District Courts throughout the country readily observe that a "suit commenced in state court under the FCRA may be properly removed to federal court." *Broom v. TRW Credit Data*, 732 F. Supp. 66, 68 (1990) (citing *Haun v. Retail Credit Co.*, 420 F. Supp. 859 (W.D. Pa. 1976), which observes that if "Congress were concerned about a particular danger of removal frustrating the ability of plaintiffs to successfully recover under the FCRA because of the peculiar nature of FCRA cases, it could easily have provided express protections [but] the FCRA contains no express removal prohibition." *Id.* at 863); *see also Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1264 (11th Cir. 1998) (observing propriety of FCRA-based removal).

11.     Likewise, United States District Courts in California endorse the propriety of removal premised on the original federal jurisdiction conferred by the FCRA. *See, e.g., Sodano v. Chase Bank USA, NA*, 2012 U.S. Dist. LEXIS 60997 ( E.D. Cal. May 1, 2012)[1] (ordering "that: (1) plaintiffs' motion to remand be denied" because it "finds *Lockard* persuasive...."); *cf. Lockard, supra*.

V.      **SUPPLEMENTAL JURISDICTION**

12.     All of Plaintiff's claims arise from alleged deficiencies in a single "background check report" referred to throughout Plaintiff's Complaint as "the SUBJECT REPORT." (Cmplt. 6:12-16).     Accordingly, the Court may exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a) since the claims arise as part of the same "case and controversy":

> [I]n any civil action of which the district courts have
> original jurisdiction, the district courts shall have

---

[1] A decision issued less than three months ago.

NOTICE OF REMOVAL

14679264v.1

supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy ....

*Id.*

13.    Indeed, this Court should exercise supplemental jurisdiction over all claims.  As Plaintiff's Complaint all but expressly concedes, all of her claims arise from the same "common nucleus of operative fact," as the factual allegations supporting each cause of action are substantially the same.  *United Mine Workers of America v. Gibb*s, 383 U.S. 715, 725 (1966).  For example, she alleges that "both Congress (through the Fair Credit Reporting Act ("FCRA") under 15 USC §1681 *et seq.*) and the California legislature (through the Investigative Consumer Reporting Agencies Act ("ICRAA") under Cal. Civ. C. § 1786 *et seq.*) have enacted comprehensive legislation regulating the procurement and issuance of background check reports.... Both the FCRA and the ICRAA requires [sic] a background check company to follow extremely stringent procedures .... Defendant failed to fulfill its duties under the FCRA and the ICRAA, as a result of which a background check report containing inaccurate, incomplete, and out-of-date [data] concerning Plaintiff was furnished to her prospective employer ...." (*See* Cmplt. 2:5 "NATURE OF THE ACTION" at ¶¶ 5, 6, & 9).

14.    Setting aside the dubiously non-specific nature of these inflammatory allegations (for the purposes of this removal only), Plaintiff's depiction of the "Nature of the Action" certainly make clear that Plaintiff contends that a "common nucleus of operative facts" gives rise to all seven claims set forth in her Complaint. As such, Plaintiff "would ordinarily be expected to try [all of her claims] in one judicial proceeding." *Gibb*s, 383 U.S. at 725.

/ / /

/ / /

/ / /

-6-

14679264v.1

## VI.   **VENUE**

15.   Removal to this Court is proper because this action originally was filed in the Superior Court of the State of California, County of Los Angeles. Thus, without waiving LexisNexis' right to challenge, among other things, personal jurisdiction and/or venue by way of a motion or otherwise, venue lies in this Court pursuant to 28 U.S.C. §§ 1391(a) and 1441(a).

## VII.   **SERVICE OF NOTICE OF REMOVAL ON PLAINTIFF AND THE SUPERIOR COURT**

16.   Notice of this notice of removal will promptly be served on Plaintiff and the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

WHEREFORE, Defendant LexisNexis prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California.

DATE: July 20, 2012                        SEYFARTH SHAW LLP

By
John R. Giovannone
Attorneys for Defendant
LEXISNEXIS RISK SOLUTIONS
INC.

-7-

NOTICE OF REMOVAL

14679264v.1

# EXHIBIT 1

THE LAW OFFICES OF DEVIN H. FOK
Devin H. Fok, Esq. (SBN #256599)
P.O. Box 7165
Alhambra, CA 91802-7165
Ph: (310) 430-9933
Fax: (323) 563-3445

**FILED**
Los Angeles Superior Court

MAY 29 2012

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
DOROTHY SWAIN

A NEW WAY OF LIFE REENTRY PROJECT
Joshua E. Kim, Esq. (SBN #257260)
P.O. Box 875288
Los Angeles, California 90087
Ph: (323) 563-3575
Fax: (323) 563-3445

Attorneys for Plaintiff
JANE ROE

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| JANE ROE,<br><br>        Plaintiff,<br><br>    vs.<br><br>LEXISNEXIS RISK SOLUTIONS, INC.,<br>d.b.a. CHOICEPOINT, a foreign corporation<br>doing business in California, and DOES 1-10<br>inclusive,<br><br>        Defendants. | CASE NO.  BC485507<br><br>**COMPLAINT FOR DAMAGES FOR<br>VIOLATIONS OF:**<br><br>1.  15 USC §1681e(b)<br>2.  15 USC §1681k(a)(2)<br>3.  Civ. Code §§1786.18(a)(7); 1786.20(a)<br>4.  Civ. Code § 1786.20(b)<br>5.  Civ. Code § 1786.28(b)<br>6.  Unlawful Business Practices Pursuant to<br>    Bus. & Prof. Code §17200 *et seq.*<br>7.  Unfair Business Practices Pursuant to Bus.<br>    & Prof. Code §17200 *et seq.*<br><br>**JURY TRIAL DEMANDED** |

//
//
//

COMPLAINT FOR DAMAGES - 1

Plaintiff JANE ROE (hereafter as "Plaintiff") complains against Defendants
LEXISNEXIS RISK SOLUTIONS, INC. and DOES 1-10 inclusive (collectively as "Defendant"
or "LEXISNEXIS"), and alleges as follows:

## NATURE OF THE ACTION

1.  It is estimated that one in four adults in the United States have a criminal record of some
kind and that more than ninety percent of all employers in the United States perform criminal
background checks on job candidates.[1]

2.  Most employers are reluctant to hire people with conviction history.[2]

3.  Existing law requires employers to consider a myriad of relevant factors, including the
age, nature, and severity of a job applicant's criminal record and the duties to be performed,
before making an adverse employment decision based on a person's criminal record.[3]

4.  It is therefore imperative that criminal background check companies provide accurate,
complete, and up-to-date information about a job applicant's criminal record.

5.  To further this compelling interest, both Congress (through the Fair Credit Reporting Act
("FCRA") under 15 USC §1681 *et seq.*) and the California legislature (through the Investigative
Consumer Reporting Agencies Act ("ICRAA") under Cal. Civ. C. §1786 *et seq.*) have enacted
comprehensive legislation regulating the procurement and issuance of background check reports,
stating that "[i]nvestigative consumer reporting agencies have assumed a vital role" and that
"there is need to insure that investigative consumer reporting agencies exercise their grave
responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy."
Cal. Civ. C. §1786; *see also* 15 USC §1681(a).

---

[1]. NAT'L CONSUMER LAW CTR., BROKEN RECORDS: HOW ERRORS BY CRIMINAL BACKGROUND CHECKING
COMPANIES HARM WORKERS AND BUSINESSES (Apr. 2012), *at* 3. *See also* SOC'Y FOR HUMAN RES. MGMT.,
BACKGROUND CHECKING: CONDUCTING CRIMINAL BACKGROUND CHECKS, slide 3 (Jan. 22, 2010), *located at*
http://www.slideshare.net/shrm/background-check-criminal (last visited on May 2, 2012); Ben Geiger, *Comment:*
*The Case for Treating Ex-Offenders as a Suspect Class*, 94 CAL. L. REV. 1191, 1193 (2006).
[2]. Harry Holzer, Steven Raphael & Michael A. Stoll, *Employer Demand for Ex-Offenders: Recent Evidence from*
*Los Angeles*, Nat'l Crim. J. Ref. Svs. (March 2003), *available at*
https://www.ncjrs.gov/App/Publications/abstract.aspx?ID=244705.
[3] *See generally* Equal Employment Opportunity Commission, Enforcement Guidance on the Consideration of
Arrest and Conviction Records in Employment Decisions Under Title VII of the Civil Rights Act of 1964, *as*
*amended*, 42 U.S.C. § 2000e *et seq* (Apr. 25, 2012)., *available at*
http://www.eeoc.gov/laws/guidance/arrest_conviction.cfm.

6.  Both the FCRA and the ICRAA requires a background check company to follow extremely stringent procedures to ensure that whenever criminal history information is reported, it is accurate, complete, and up to date. Under 15 USC §1681e(b) and Cal. Civ. C. §1786.20(b) a background check company "shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates." (Emphasis added).

7.  In addition, when public records information such as criminal history information is reported in the employment context, the background check company is required to "maintain *strict procedures* designed to insure that…[the information reported] is complete and up to date." 15 USC §1681k(a)(2); Cal. Civ. C. §1786.28(b) (emphasis added).

8.  In addition to the procedurals safeguards, the ICRAA also prohibits background check companies from reporting obsolete information, including criminal records, that "from the date of disposition, release, or parole, antedate the report by more than seven years." It also prohibits reporting information "if at any time is learned that… a conviction did not result." Cal. Civ. C. § 1786.18(a)(7).

9.  Defendant failed to fulfill its statutory duties under the FCRA and the ICRAA, as a result of which a background check report containing inaccurate, incomplete, and out-of-date concerning Plaintiff was furnished to her prospective employer and Plaintiff was denied employment.

10. Plaintiff seeks actual damages, punitive damages, and equitable relief, including costs and expenses of litigation, including attorney's fees, and appropriate injunctive relief requiring Defendants to comply with its legal obligations, as well as additional and further relief as may be appropriate. Plaintiffs reserve the right to amend this Complaint to add additional relief as permitted under applicable law.

## THE PARTIES

1.  Plaintiff JANE DOE is, and at all times relevant herein was, a resident of the County of Alameda in the State of California.

2.  Defendant LEXISNEXIS RISK SOLUTIONS, INC. is and at all times herein mentioned was, a foreign corporation doing business in the State of California.

3.  LEXISNEXIS is an entity regulated under both the FCRA and the ICRAA.

4. For purposes of the FCRA, LEXISNEXIS is a "consumer reporting agency" as defined under 15 USC §1681a(f) because they are "person which, for monetary fees, dues...regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing *consumer reports*." (Emphasis added).

5. A "consumer report" is "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, *character, general reputation, personal characteristics, or mode of living* which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for....employment." 15 USC §1681a(d) (emphasis added).

6. For purposes of the ICRAA, LEXISNEXIS is an "investigative consumer reporting agency" as defined under Cal. Civ. C. §1786.2(d) because they are "person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing *investigative consumer reports* to third parties..." (Emphasis added).

7. An investigative consumer report is "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means..." Cal. Civ. C. §1786.2(c).

8. LEXISNEXIS' reports, including the background check report at issue in the present case, contain background information on consumer regarding their general reputation, character, mode of living or other personal characteristics. Among other things, LEXISNEXIS' reports typically include information regarding criminal histories.

9. Defendants sell background check reports to, among others, prospective employers. Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained.

10. Plaintiff is informed and believes and thereon alleges that each of the Doe Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

11. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were agents of each other and of the named Defendant and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## VENUE

12. Venue and jurisdiction are proper in this court pursuant to California code of Civil Procedure Sections 395 and 395.5. The cause of action arose in the County of Alameda in the State of California.

## GENERAL ALLEGATIONS

13. On May 9, 2002, Plaintiff pleaded guilty to a single count of grand theft under California Penal Code §487(a). Plaintiff was prosecuted for receiving overpayment of government subsidies furnished pursuant to Section 8 of the Housing Act of 1937 (42 USC §1437), due to the appropriate government agency's failure to properly record her reported income for a period of approximately one year.

14. Plaintiff was eight months pregnant at the time of she was charged and prosecuted for the alleged offense. To avoid further confinement pending arraignment and trial, Plaintiff agreed to plead guilty to the charge of grand theft, with the condition that the case would be dismissed upon repayment of the Section 8 overpayments to the appropriate government agency.

15. The agreed upon amount of $6,000 was fully repaid, and dismissal was granted by the Alameda County Superior Court on May 9, 2005. The court recorded on the day's minute order, "Case dismissed in the interest of justice due to civil compromise."

16. Plaintiff has no criminal convictions before or after this incident.

17. After Plaintiff was laid off following her eleven-year career with the New United Motors Manufacturing Inc. ("New United") due to the company's bankruptcy, she received training and education from the San Joaquin Valley College in Salida, California as an industrial technician.

18. Through the program at the San Joaquin Valley College, Plaintiff found out about an employment position with FRITO-LAY, INC. (hereafter as "FRITO-LAY" or "employer"), and Plaintiff submitted an employment application to FRITO-LAY sometime in January 2012.

19. Plaintiff is informed and believes that Plaintiff was one of the few applicants accepted and interviewed, among about 90 applications that FRITO-LAY accepted.

20. Plaintiff went through two rounds of interviews with FRITO-LAY. During the second interview, FRITO-LAY's hiring manager stated that Plaintiff was qualified for the position and that she could participate in the "flex" program due to her previous work history with New United and the training and education she received at San Joaquin Valley College as an industrial technician.

21. Plaintiff is informed and believes that FRITO-LAY would have offered the job to her if she passed the required background check.

22. On or about January 10, 2012, FRITO-LAY requested that Defendants prepare a criminal background check concerning Plaintiff.

23. On or about January 23, 2012, Defendants furnished the background check report to FRITO-LAY, which contained inaccurate, incomplete, and not up-to-date information concerning Plaintiff.

24. The January 23, 2012 report (hereafter as "the SUBJECT REPORT") contains the following information: [4]

| | |
|---|---|
| Case Reference # | [Redacted] |
| Case Date | 05/09/2002 |
| Name on File | [Redacted] |
| DoB on File | 09/19/XXXX |
| Charge | GRAND THEFT |
| Charge Type | MISDEMEANOR |
| Disposition | NOLO CONTENDERE |
| Date | 03/08/2005 |
| Sentence | PROBATION 60 MONTHS; JAIL 1 DAY; RESTITUTION RESERVED |

25. The first glaring inaccuracy of the report is that Defendants failed to report the case as "dismissed" per the Court's minute order recorded on March 8, 2005.

26. The SUBJECT REPOT also reported inaccurately that Plaintiff's plea was nolo contendere when in fact a "guilty plea" was entered. The SUBJECT REPOT further inaccurately reported the date of the plea as "03/08/2005" when the plea was entered on "05/08/2002." This

---

[4] Identifying information has been redacted to protect Plaintiff's identity.

1   inaccuracy misleadingly gives the employer an impression that the crime occurred more recently

2   than it actually was.

3       27. Defendants further reported that Plaintiff was sentenced to probation for 60 months but

4   failed to note that, along with the dismissal of the entire case, her probation was terminated early

5   on March 8, 2005.

6       28. By specifying that the date of disposition was "03/08/2005" rather than "05/08/2002,"

7   Defendants attempted to circumvent the statutory prohibition against the reporting of criminal

8   records "that, from the date of disposition, release, or parole, antedate the report by more than

9   seven years."

10      29. As a result of various problems in the SUBJECT REPORT, Plaintiff lost her valuable

11  employment opportunity with FRITO-LAY. Currently, Plaintiff is at risk of falling behind on her

12  mortgage and losing her family home.

13      30. Under both the FCRA, and the ICRAA, Defendants were required to use "reasonable

14  procedures to insure the maximum possible accuracy of the information reported." In addition,

15  when employment is contemplated, Defendants were required to use "strict procedures" to

16  ensure that the information reported is "complete and up to date."

17      31. LEXISNEXIS is the nation's largest background check company and has been routinely

18  subject to law suits involving its systematic failure in complying with the legal mandates

19  described immediately above and was well-aware of the requirements to insure that the reported

20  information is accurate, complete and up to date.

21      32. Here, Plaintiff's criminal history was public record information and was readily available

22  through Alameda County Court system. Plaintiff is informed and believes that Defendants

23  nevertheless failed to visually inspect, copy, or analyze the readily-available information in

24  reckless disregard of the clear statutory mandate to use "reasonable," and "strict procedure" in

25  providing background check reports that will have a detrimental impact on a consumer's ability

26  to obtain employment.

27      33. Under Cal. Civ. C. §1786.29(a), an investigative consumer reporting agency is required

28  provide, in at least 12-point boldface type setting forth that "… *it is accurately copied from*

29  *public records* …."

30      34. Indeed, on the first page of the SUBJECT REPORT, Defendants certified that the

31  information is "…*accurately copied from public records*…." Nevertheless, Defendants

32  intentionally, gross negligently, and/or recklessly failed to obtain and copy readily available

public record information from Alameda County Court when reporting Plaintiff's criminal history information.

35. In Alameda County, the cost per page for obtaining copies of court documents is $.50 per page. The Clerk's Documents and Minutes on Plaintiff which would have provided accurate, complete and up to date information on Plaintiff's criminal history consists of only several pages at a cost of less than $5.

36. In 2008, LEXISNEXIS' annual revenue from selling background check reports was approximately $1 billion (most recent data available to Plaintiff).[5] According to LEXISNEXIS' own publication, its nationwide "hit-rate" for a search involving somebody with a criminal history is 5.3%.[6] In other words, LEXISNEXIS is required to conduct a more thorough search to visually inspect, copy, or analyze physical files of public information for at most 5.3% of all background checks that it provides to third-parties. Nevertheless, in a scheme to maximize profits, Defendant knowingly, gross negligently, or recklessly failed to employ a procedure that Defendants knew or should have known is necessary to insure that the public record information reported is accurate, complete, and up to date.

37. As a direct and foreseeable result of Defendants' wrongful conduct, Plaintiff lost a valuable employment opportunity, suffered significant economic, emotional, and mental distress, and is at risk of losing her home as a result of Defendants' profit-maximizing measures that disregard substantial potential harm to consumers.

## FIRST CAUSE OF ACTION
### (Violation of 15 United States Code §1681e(b))

38. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-38, inclusive.

39. Upon information and belief, Defendants have not, and currently do not, follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

---

[5] BROKEN RECORDS, *at* 8.
[6] LexisNexis Risk Solutions Screening, LexisNexis 2012 Nonprofit Screening Review: The Positive Power of Information (2012), *at* p.10, *located at* http://img.en25.com/Web/LexisNexis/LN_NonProfit12.pdf (last visited on May 8, 2012).

40. Specifically, Defendants failed to visually inspect, copy, or analyze the readily-available public records information concerning Plaintiff, which failure led to the inaccuracies in the SUBJECT REPORT.

41. Defendant's violations were willful or reckless because Defendants were aware of their obligations under the FCRA but nonetheless consciously elected to disregard their obligations.

42. Defendants' violations entitle Plaintiff to damages pursuant to 15 USC §§ 1681n and 1681o, including but not limited to the actual harms suffered by Plaintiff as a direct legal, proximate, and foreseeable result of Defendant's violations as well as punitive damages.

## SECOND CAUSE OF ACTION

### (Violation of 15 United States Code §1681k(b))

43. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-38, inclusive.

44. Upon information and belief, Defendants failed to provide Plaintiff contemporaneous notice of the fact that public record information is being reported pursuant to 15 USC §1681k(a)(1) and have not and currently do not maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

45. Specifically, Defendants failed to visually inspect, copy, or analyze the readily-available public records information concerning Plaintiff resulting in a report containing information that is not complete and up to date.

46. Defendants' violations were willful or reckless because Defendants were aware of their obligations under the FCRA but nonetheless consciously elected to disregard their obligations.

47. Defendants' violations entitle Plaintiff to damages Pursuant to 15 USC 1681n and 1681o, including, but not limited to, the actual harms suffered by Plaintiff as a direct legal, proximate, and foreseeable result of Defendants' violations as well as punitive damages.

## THIRD CAUSE OF ACTION

### (Violation of California Civil Code §§1786.18(a)(7); 1786.20(a))

48. Plaintiff hereby incorporates by reference the allegations of paragraph 1-38, inclusive.

49. Cal. Civ. C. § 1786.18(a)(7) prohibits an investigative consumer reporting agency from making or furnishing any background check reports such as an investigative consumer reporting containing any information about "[r]ecords of arrest, indictment, information, misdemeanor complaint, or conviction of a crime that, from the date of disposition, release, or parole, antedate the report by more than seven years." It further prohibits an investigative consumer reporting agency from reporting any of the above information "if at any time it is learned that... in the case of an arrest, indictment, information, or misdemeanor complaint, a conviction did not result."

50. Cal. Civ. C. § 1786.20(a) requires that an investigative consumer reporting agency to "maintain reasonable procedures designed to avoid violations of Section 1786.18."

51. Plaintiff's conviction, which was subsequently dismissed, resulted on May 9, 2002, which antedated the SUBJECT REPORT by more than seven years from the date of disposition, release, or parole.

52. In addition, Plaintiff's case was dismissed in the interests of justice due to civil compromise, and a conviction did not result in the case as a matter of law.

53. By failing to maintain procedures to accurately check the final and up-to-date disposition of Plaintiff's case, Defendants failed to maintain reasonable procedures designed to avoid reporting information that antedate the investigative consumer report by more than seven years and to avoid reporting information about criminal records where a conviction did not result.

54. Defendant's violations were willful or grossly negligent because Defendants were aware of their obligations under the ICRAA but nonetheless consciously elected to disregard their obligations.

55. Defendants' violations entitle Plaintiff to damages Pursuant to Civ. Code 1786.50(a) and (b), including, but not limited to, the actual harms suffered by Plaintiff as a direct legal, proximate, and foreseeable result of Defendants' violations as well as punitive damages.

## FOURTH CAUSE OF ACTION
### (Violation of California Civil Code §1786.20(b))

56. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-38, inclusive.

57. Upon information and belief, Defendants also have not, and currently do not follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

58. Specifically, Defendants failed to visually inspect, copy, or analyze the readily-available public records information concerning Plaintiff resulting in inaccuracies in the SUBJECT REPORT.

59. Defendants' violations were willful or grossly negligent because Defendants were aware of their obligations under the ICRAA but nonetheless consciously elected to disregard its obligations.

60. Defendants' violations entitle Plaintiff to damages Pursuant to Civ. Code 1786.50(a) and (b), including, but not limited to, the actual harms suffered by Plaintiff as a direct legal, proximate, and foreseeable result of Defendants' violations as well as punitive damages.

## FIFTH CAUSE OF ACTION
### (Violation of California Civil Code §1786.28(b))

61. Plaintiff hereby incorporates by reference the allegations of paragraphs 1-38, inclusive.

62. Upon information and belief, Defendants have not and currently do not maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

63. Specifically, Defendants failed to visually inspect, copy, or analyze the readily-available public records information on Plaintiff resulting in a report containing information that is not complete and up to date.

64. Defendants' violations were willful or grossly negligent because Defendants were aware of their obligations under the ICRAA but nonetheless consciously elected to disregard their obligations.

65. Defendants' violations entitle Plaintiff to damages Pursuant to Civ. Code 1786.50(a) and (b), including, but not limited to, the actual harms suffered by Plaintiff as a direct legal, proximate, and foreseeable result of Defendants' violations as well as punitive damages.

## SIXTH CAUSE OF ACTION
### (Violation of California B&P §17200 *et seq.*)

66. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 - 38, inclusive.

67. California Business and Professions Code §17200 *et seq.* prohibits acts of unfair competition, which mean and include any "unlawful...business act or practice."

68. As more fully described above, the acts and practices alleged herein are unlawful as they violate numerous statutory provisions, including 15 USC §§1681e and 1681k, and California Civil Code §§1786.18(c), 1786.20(a), 1786.20(b) and 1786.28(b).

69. The acts and practices engaged in by Defendants and alleged herein harmed Plaintiff and, on information and belief, have harmed other California consumers. On information and belief, Defendants' conduct is ongoing and continues to this date.

70. Plaintiff alleges that Defendants' misconduct, as alleged herein, gave, and continues to give Defendants an unfair competitive advantage.

71. As a direct and proximate result of Defendants' aforementioned acts, Defendants have prospered and benefitted from the sales of its non-compliant screening reports, and have been unjustly enriched by providing non-compliant reports on Plaintiffs and on other consumers and should be enjoined from continuing such practices under California Business & Professions Code §17200 and related sections.

## SEVENTH CAUSE OF ACTION
### (Violation of California B&P Code §17200 *et seq.*)

72. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 - 38, inclusive.

73. California Business and Professions Code §17200, *et seq.* prohibits acts of unfair competition, which mean and include any "unfair...business act or practice."

74. As more fully described above, Defendants' acts and practices constitute unfair business acts or practices within the meaning of Business and Professions Code §17200, *et seq.* in that the justification for Defendants' conduct, if any, is outweighed by the harm to the general public. Such conduct is also contrary to public policy, immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers. On information and belief, Defendants' unfair conduct is ongoing and continues to this date.

75. The acts and practices engaged in by Defendants and alleged herein harmed Plaintiff and, on information and belief, have harmed other California consumers. On information and belief, Defendants' conduct is ongoing and continues to this date.

76. Plaintiff alleges that Defendants' misconduct, as alleged herein, gave, and continues to give Defendant an unfair competitive advantage.

77. As a direct and proximate result of Defendants' aforementioned acts, Defendants have prospered and benefited from the sales of its non-compliant reports, and have been unjustly enriched by providing of non-compliant screening reports on Plaintiff and on other consumers and should be enjoined from continuing such practices under California Business & Professions Code §17200 and related sections.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, as follows:

1. For a declaration that Defendants' practices violate the FCRA, 15 United States code §1681 *et seq.*; ICRAA, California Civil Code §1786 *et seq.*

2. For compensatory, special, general and punitive damages according to proof against all Defendants;

3. For interest upon such damages as permitted by law;

4. For an award of reasonable attorney's fees provided by law under all applicable statutes;

5. For the costs of suit;

6. For injunctive relief; and

7. For such other orders of the Court and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby request and demand a jury trial on all issues triable by jury.

DATED: May 24, 2012

DEVIN H. FOK ESQ.
THE LAW OFFICES OF DEVIN H. FOK

By:
Devin H. Fok
Attorney for Plaintiff JANE ROE

COMPLAINT FOR DAMAGES – 13

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Devin H. Fok (#256599); Joshua E. Kim (#257260)<br>P.O. Box 7165<br>Alhambra, CA 91802-7165<br><br>TELEPHONE NO.: 310-430-9933     FAX NO.: 323-563-3445<br>ATTORNEY FOR *(Name):* Jane Roe | **FOR COURT USE ONLY**<br><br>**FILED**<br>Los Angeles Superior Court<br><br>**MAY 29 2012**<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>DOROTHY SWAIN |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles<br>STREET ADDRESS: 111 N. Hill st.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Stanley Mosk | |

| | |
|---|---|
| **CASE NAME:**<br>Roe v. LexisNexis et al. | |

| | | | |
|---|---|---|---|
| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | **CASE NUMBER:** |
| [✓] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] **Counter**   [ ] **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **BC485507** |
| | | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) |     condemnation (14) |     above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) |     types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

  a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [✓] monetary    b. [✓] nonmonetary; declaratory or injunctive relief    c. [✓] punitive
**4.** Number of causes of action *(specify):* 7
**5.** This case [ ] is [✓] is not a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 5/16/2012

Devin H. Fok
_____        ▶ _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

                                                                     Page 1 of 2

Form Adopted for Mandatory Use                     **CIVIL CASE COVER SHEET**               Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Judicial Council of California                                                   Cal. Standards of Judicial Administration, std. 3.10
CM-010 [Rev. July 1, 2007]                                                         www.courtinfo.ca.gov

| SHORT TITLE: Roe v. LexisNexis | CASE NUMBER BC485507 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10 ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

| SHORT TITLE: Roe v. LexisNexis | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: Roe v. LexisNexis | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Roe v. LexisNexis | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>Los Angeles, CA |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90059 |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk  courthouse in the Central  District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 5/16/2012

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# PROOF OF SERVICE

STATE OF CALIFORNIA       )
                              )     ss

COUNTY OF LOS ANGELES   )

      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 333 S. Hope Street, Suite 3900, Los Angeles, California  90071.  On July 20, 2012, I served the within documents:

**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATE DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1441 (a) and (b)**

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

Devin H. Fok, Esq.                   Joshua E. Kim, Esq.
The Law Offices Of Devin H. Fok     A New Way Of Life Reentry Project
P.O. Box 7165                       P.O. Box 875288
Alhambra, California  91802-7165    Los Angeles, California  90087
Tel  (310) 430-9933              Tel  (323) 563-3575
Fax (323) 563-3445              Fax  (323) 563-3445

      I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

      I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

      Executed on July 20, 2012, at Los Angeles , California.

                                      Blanca Guerra

14686029v.1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV12- 6284 GAF (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| JANE ROE | LEXISNEXIS RISK SOLUTIONS INC. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Devin H. Fok, Esq. of the Law Offices of Devin H. Fok<br>P.O. Box 7165, Alhambra, California 91802-7165<br>Tel. (310) 430-9933<br>Joshua E. Kim, Esq. of A New Way of Life Reentry Project<br>P.O. Box 875288, Los Angeles, California 90087 | SEYFARTH SHAW LLP<br>John R. Giovannone (SBN 239366)<br>333 South Hope Street, Suite 3900<br>Los Angeles, California 90071<br>Tel. (213) 270-9600<br>Fax (213) 270-9601 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☒ **MONEY DEMANDED IN COMPLAINT: $** IN EXCESS OF $25,000

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Sections 1331, 1441 and 1446

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☒ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities-Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities-Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12·6284

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

COPY

| CV-71 (05/08) | CIVIL COVER SHEET | | Page 1 of 2 |
|---|---|---|---|
| | | American LegalNet, Inc.<br>www.FormsWorkflow.com | |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Plaintiff JANE ROE - Alameda County |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant LEXISNEXIS RISK SOLUTIONS INC.  - GEORGIA |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| STATE COURT ACTION FILED IN LOS ANGELES COUNTY | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date July 20, 2012

John R. Giovannone, Attorney for Defendant

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

# PROOF OF SERVICE

STATE OF CALIFORNIA            )
                               )    ss
COUNTY OF LOS ANGELES          )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 333 S. Hope Street, Suite 3900, Los Angeles, California  90071.  On July 20, 2012, I served the within documents:

**CIVIL COVER SHEET**

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

Devin H. Fok, Esq.                      Joshua E. Kim, Esq.
The Law Offices Of Devin H. Fok         A New Way Of Life Reentry Project
P.O. Box 7165                           P.O. Box 875288
Alhambra, California  91802-7165        Los Angeles, California  90087
Tel  (310)  430-9933                    Tel  (323)  563-3575
Fax (323)  563-3445                     Fax (323)  563-3445

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on July 20, 2012, at Los Angeles , California.

Blanca Guerra

14686029v.1