LINKS: 8, 19

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6284 GAF (Ex) | Date | March 19, 2013 |
|---|---|---|---|
| Title | Jane Roe v. LexisNexis Risk Solutions Inc et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:** (In Chambers)

## ORDER RE: MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS & MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

## I.
## INTRODUCTION

This suit arises out of Plaintiff's failure to obtain employment, which she argues was the result of an allegedly inaccurate background check furnished by Defendant to her prospective employer. Plaintiff avers that Defendant violated a number of its statutory duties by including in her background check inaccurate and out-of-date information regarding her criminal history. Plaintiff brings claims under the Federal Fair Credit Reporting Act ("FCRA") and California Investigative Consumer Reporting Agencies Act ("ICRAA"), as well as the California Business and Professions Code ("UCL").

On November 20, 2012, Defendant filed its motion for partial judgment on the pleadings. (Docket No. 8, [Mot. for Judgment on the Pleadings ("MJP")].) Defendant argues that Plaintiff's ICRAA claims fail because the ICRAA is unconstitutionally vague as applied, and Plaintiff's UCL claims must fail because they are preempted. Because the motion calls into question the constitutionality of ICRAA and the UCL, as applied, the Court declined to rule on Defendant's motion until it complied with Federal Rule of Civil Procedure 5.1. (See Docket No. 23, [01/03/13 Order].) Rule 5.1 requires a party "drawing into question the constitutionality of a . . . state statute" to file a notice and serve it on the attorney general of the state that is having its statute questioned, and also requires certification by the Court to that attorney general. Fed. R.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6284 GAF (Ex) | Date | March 19, 2013 |
|---|---|---|---|
| Title | Jane Roe v. LexisNexis Risk Solutions Inc et al | | |

Civ. Proc. 5.1(a)-(b). The state attorney general has sixty days to intervene. Id. at 5.1(c). The Court continued Defendant's motion to March 18, 2013, in order to permit Defendant to comply with Rule 5.1 and to allow the state attorney general the requisite time to intervene. Notice was properly filed and the Court certified the question. (See Docket Nos. 22, 25.)

Over sixty days has elapsed and the Court has not received anything indicating that the Attorney General for the State of California intends to intervene. The Court now addresses Defendant's motion and Plaintiff's related motion for leave to file a first amended complaint to add additional plaintiffs and claims. (Docket No. 19, [Mot. to Amend ("MTA")].)

The Court concludes that the ICRAA is unconstitutionally vague as applied in this action and Plaintiff's UCL claims are preempted. Defendant's motion is therefore **GRANTED.** Because the Court finds Plaintiff's attempt to add plaintiffs inappropriate under Federal Rule of Civil Procedure 20(a), and Plaintiff's attempt to add claims futile, Plaintiff's motion to amend is **DENIED**. The Court's reasoning is discussed below.

## II.
## BACKGROUND

On May 9, 2002, Plaintiff Jane Roe pleaded guilty in Alameda County Superior Court to one count of grand theft for receiving overpayment of government subsidies (the "05/09/02 Case"). (Docket No. 1, [Not. of Removal ("Not.")], Ex. 1, [Compl.] ¶ 13.) Plaintiff's plea was conditioned on the 05/09/02 Case being dismissed upon repayment of the overpayments to the appropriate agency. (Id. ¶ 14.) The money was fully repaid and dismissal was granted on May 9, 2005. (Id. ¶ 15.)

In January 2012, Plaintiff submitted her application to Frito-Lay, Inc. (Id. ¶ 18.) Plaintiff believes she was one of about 90 applicants interviewed. (Id. ¶ 19.) Following two rounds of interviews, Plaintiff believes that she would have been offered the job if she passed the required background check. (Id. ¶¶ 20-21.) On or around January 10, 2012, Frito-Lay requested that Defendant, LexisNexis Risk Solutions, Inc. (dba Choicepoint), prepare a criminal background check. (Id. ¶ 22.) On or around January 23, 2012, Defendant provided the background check (the "Report") to Frito-Lay. (Id. ¶ 23.) Plaintiff contends that the Report provided contained numerous inaccuracies. (Id. ¶ 24.) The Report stated that Plaintiff pleaded nolo contendere to the 05/09/02 Case, rather than guilty, and specified the date of the plea as 03/08/05 rather than 05/08/02. (Id. ¶¶ 26.) The Report failed to mention that the 05/09/02 Case was dismissed. (Id. ¶¶ 25.) The Report further noted that Plaintiff was sentenced to 60 months probation without noting that Plaintiff's probation ended early. (Id. ¶ 27.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6284 GAF (Ex) | Date | March 19, 2013 |
|---|---|---|---|
| Title | Jane Roe v. LexisNexis Risk Solutions Inc et al | | |

Plaintiff believes that the Report cost "her a valuable employment opportunity" and "[c]urrently, Plaintiff is at risk of falling behind on her mortgage and losing her family home." (Id. ¶ 29.) Accordingly, Plaintiff brings the following claims: (1) violation of the FCRA, 15 U.S.C. § 1681e(b); (2) violation of the FCRA, 15 U.S.C. § 1681k(a)(2); (3) violation of the ICRAA, Cal. Civ. Code §§ 1786.18(a)(7), 1786.20(a); (4) violation of the ICRAA, Cal. Civ. Code § 1786.20(b); (5) violation of the ICRAA, Cal. Civ. Code § 1786.28(b); (6) violation of the UCL, Cal. Bus. & Prof. Code § 17200 et seq. for unlawful business practices; and (7) violation of the UCL, Cal. Bus. & Prof. Code § 17200 et seq. for unfair business practices.

Defendant seeks partial judgment on the pleadings as to Plaintiff's third, fourth, fifth, sixth, and seventh causes of action. (MJP at 1-3.) Plaintiff seeks leave to file a first amended complaint to add two plaintiffs, one FCRA claim, and one ICRAA claim. (MTA, Ex. 1 [Proposed First Amended Complaint ("PFAC")].)

## III.
## DISCUSSION

### A. MOTION FOR JUDGMENT ON THE PLEADINGS

#### 1. LEGAL STANDARD

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("FRCP") 12(c) challenges the sufficiency of the complaint after an answer has been filed. See Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."). The standard governing a Rule 12(c) motion for judgment on the pleadings is "functionally identical" to that governing a Rule 12(b)(6) motion to dismiss for failure to state a claim. United States ex rel. Caffaso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011); see also Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1193 (9th Cir. 1989) ("The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing.").

Thus, in ruling on a 12(c) motion, the Court must accept the facts as pleaded by the nonmovant. Ventress v. Japan Airlines, 603 F.3d 676, 681 (9th Cir. 2010); Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). Dismissal under FRCP 12(b)(6)—and therefore, under FRCP 12(c)—may be based on either (1) a lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. SmileCare Dental Group v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984)). Although the Court must accept all material allegations in the complaint as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6284 GAF (Ex) | Date | March 19, 2013 |
|---|---|---|---|
| Title | Jane Roe v. LexisNexis Risk Solutions Inc et al | | |

true, it need not accept as true conclusory allegations or legal characterizations. McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). Judgment on the pleadings is properly granted when, taking the nonmoving party's allegations as true, the moving party is entitled to judgment as a matter of law. Fleming, 581 F.3d at 925 (9th Cir. 2009); Lyon v. Chase Bank United States, N.A., 656 F.3d 877, 883 (9th Cir. 2011). "Rule 12(c) does not specifically authorize a motion for judgment on the pleadings directed to less than the entire complaint or answer. Nor does it specifically prohibit such a motion. It is the practice of many judges to permit 'partial' judgment on the pleadings, if appropriate." Curry v. Baca, 497 F. Supp. 2d 1128, 1130-31 (C.D. Cal. 2007).

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to allow a complaint to survive a motion to dismiss only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not sufficiently established that the pleader is entitled to relief. Id. at 679.

2. **APPLICATION**

   *a. Third, Fourth, & Fifth Causes of Action - ICRAA*

Defendant argues that Plaintiff cannot prevail on her ICRAA claims because recent state and federal authority "establish[es] that ICRAA claims based on reports containing criminal history information are unconstitutionally vague because it cannot be determined whether criminal history information in such reports is: (a) 'character' information . . . or (b) 'creditworthiness' information . . . ." (MJP Mem. at 1.) While character information is subject to the reporting rules and standards of the ICRAA, creditworthiness information is subject to the reporting rules and standards of the Consumer Credit Reporting Agencies Act ("CCRAA"). Defendant argues that in the context of criminal history information, "the text of both laws impermissibly overlaps," and the ICRAA is therefore unconstitutionally vague. (Id.) Plaintiff argues that Defendants' case law does not apply in the employment context, and in any event Defendant knew that it was subject to the ICRAA. (Docket No. 16, [Opp. to Mot. for Judgment on the Pleadings ("MJP Opp.")] at 6-8.)

Case 2:12-cv-06284-BRO-E Document 37 Filed 03/19/13 Page 5 of 14 Page ID #:328

LINKS: 8, 19

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6284 GAF (Ex) | Date | March 19, 2013 |
|---|---|---|---|
| Title | Jane Roe v. LexisNexis Risk Solutions Inc et al | | |

### *i. The Reporting Acts*

To put the question of unconstitutional vagueness in perspective, it is necessary to provide a short background of the two reporting acts that have caused courts concern - the CCRAA and the ICRAA.

In Ortiz v. Lyon Management Group, Inc., 69 Cal. Rptr. 3d 66 (Ct. App. 2007), which involved information that spoke to both the character and creditworthiness, the Court noted the problem this created because each statute purportedly covered information that constituted one or the other category. The Court succinctly summarized the statutes in the following passage:

> The first statute, the CCRAA, governs 'consumer credit reports.' . . . . It defines a consumer credit report as 'any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity,' when that information is collected or used to establish the consumer's eligibility for personal credit, employment, rental housing, or other specified purposes. . . .
>
> The second statute, the ICRAA, governs 'investigative consumer reports.' . . . . It defines an investigative consumer report as 'a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means.' . . . .
>
> The CCRAA and ICRAA impose different obligations . . . , depending on whether the information [reported] pertains to creditworthiness or character. The ICRAA imposes stricter duties and more severe penalties on persons compiling or requesting . . . reports containing character information than the CCRAA does on those compiling or requesting . . . reports containing creditworthiness information. Consumers have different rights depending on whether their . . . reports contain creditworthiness or character information.

69 Cal. Rptr. 3d at 70-71. Accordingly, "[t]his statutory scheme . . . indicates a legislative intent to distinguish between creditworthiness information and character information," to insure that "any one item of information may be classified as either creditworthiness or character information, but not both." Id. at 71. "[E]ach statute expressly excludes from its ambit any reports containing only information covered by the other." Id. at 72.

The CCRAA expressly excludes 'any report containing information solely on a consumer's character, general reputation, personal characteristics, or mode of living

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6284 GAF (Ex) | Date | March 19, 2013 |
|---|---|---|---|
| Title | Jane Roe v. LexisNexis Risk Solutions Inc et al | | |

which is obtained through personal interviews . . . .' . . . . The ICRAA expressly excludes 'a consumer report . . . that is limited to specific factual information relating to a consumer's credit record or manner of obtaining credit obtained directly from a creditor of the consumer . . . .'

Id. (internal citations omitted).[1] The two statutory schemes therefore create a conundrum for persons who seek information that does not unambiguously fit within one of the two categories. Controlling case law elaborates on this problem and the solution to this uncertainty.

  *ii. Case Law*

Defendant cites to three cases supporting its position that the ICRAA is unconstitutionally vague - Ortiz, 69 Cal. Rptr. 3d at 66, Trujillo v. First American Registry, Inc., 68 Cal. Rptr. 3d 732 (Cal. App. 4th Dist. 2007), and Moran v. Screening Pros, LLC, 2012 U.S. Dist. LEXIS 158598 (C.D. Cal. Sept. 28, 2012).

Ortiz involved a tenant screening report that included an "unlawful detainer" search. 69 Cal. Rptr. 3d at 68. "[P]laintiff sued defendant for violating the ICRAA," alleging that "defendant failed to give her a written notice and a report requesting form, as required by the ICRAA (but not the CCRAA)." Id. at 69. Ortiz held that "[w]e are left with no rational basis to determine whether unlawful detainer information constitutes creditworthiness information subject to the CCRAA or character information subject to the ICRAA. We doubt any 'person of ordinary intelligence' can do so either." Id. at 75. Ortiz noted that though tenant screening reports were at issue in that case, its "discussion is not limited to reports used to screen tenants" because "reports subject to [the CCRAA and ICRAA] may be used for other purposes." Id. at 68, n.2.

In Trujillo, "Plaintiffs alleged defendant had prepared tenant screening reports that correctly showed unlawful detainer actions had been filed against plaintiffs, but which wrongly

---

[1]Ortiz explains how this problem developed as a result of an amendment to the ICRAA in 1998. 69 Cal. Rptr. 3d at 78. The Court concluded,
> The uncertainty is revealed when one attempts to categorize information that speaks to both creditworthiness and character, but which is not obtained through personal interviews. This type of information now falls under the ICRAA, due to the 1998 amendment, but it is not excluded from the CCRAA. The information is now subject to both statutes, though the statutory scheme disallows this.

Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6284 GAF (Ex) | Date | March 19, 2013 |
|---|---|---|---|
| Title | Jane Roe v. LexisNexis Risk Solutions Inc et al | | |

failed to note the actions had been dismissed or the resulting judgment had been satisfied." 68 Cal. Rptr. 3d at 734. Trujillo held that "the ICRAA is unconstitutionally vague as applied to tenant screening reports containing unlawful detainer information." Id. at 740. Trujillo noted, broadly speaking, that while "[t]he Legislature intended to differentiate between character information and creditworthiness information," and thus the reporting requirements that information is subject to, "it is hopelessly uncertain on which side of the fence unlawful detainer information falls." Id. at 740-41.

Moran involved "a background check report . . . on Plaintiff containing information about his criminal history, eviction history, and credit history" received in conjunction with a housing application. 2012 U.S. Dist. LEXIS 158598 at *2. Plaintiff's suit arose out of "the allegedly unlawful disclosure of certain events in Plaintiff's criminal history." Id. Moran phrased the conundrum in Ortiz between the ICRAA and the CCRAA as stemming from having "'no rational basis' to decide which statute should govern the reporting of [unlawful detainer] information." Id. at *20. Accordingly, the unlawful detainer information in Ortiz "impermissibly subjected the report to both the ICRAA and the CCRAA. Id. Moran "conclude[d] that the criminal information in the instant Report clearly subjects it to the CCRAA as well as the ICRAA." Id. at 22.

### iii. Analysis

Defendant argues that the ICRAA, as applied, is unconstitutionally vague. "To determine whether a statute is unconstitutionally vague, it must be applied in a specific context. Thus . . . we must determine not whether [it] is vague in the abstract but, rather, whether it is vague as applied to this [Defendant's] conduct in light of the specific facts of this particular case." Ortiz, 69 Cal. Rptr. 3d at 70 (internal quotations and citation omitted). As the Supreme Court has long held, "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law." Connally v. General Constr. Co., 269 U.S. 385, 391 (1926).

Plaintiff's opposition to Defendant's motion stems in large part from the fact that the Report at issue was an employment screening report, not a tenant screening report, like the ones at issue in the three aforementioned cases. (MJP Opp. at 5.) Plaintiff distinguishes Ortiz, Trujillo, and Moran on that basis. (Id. at 6.) Plaintiff argues that "an applicant's creditworthiness is not a relevant factor for her employment eligibility," and in fact employers are barred from considering an applicant's credit history pursuant to Cal. Lab. Code § 1024.5. (Id. at 6.) Furthermore, Plaintiff argues that "Defendant knew that the ICRAA applies to

Case 2:12-cv-06284-BRO-E Document 37 Filed 03/19/13 Page 8 of 14 Page ID #:331

LINKS: 8, 19

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6284 GAF (Ex) | Date | March 19, 2013 |
|---|---|---|---|
| Title | Jane Roe v. LexisNexis Risk Solutions Inc et al | | |

employment background check reports and has voluntarily subjected its reports within its mandate for many years" by, at least in part, appending language required by the ICRAA to its reports. (Id. at 8.)

Plaintiff's argument suffers from several defects. First, it erroneously asserts that creditworthiness has no bearing on employment eligibility – a proposition dubious on its face and that is not even supported by § 1024.5. Second, § 1024.5(c)(1) excludes information that verifies income and reports on credit history, credit score and credit record. Third, it expressly excludes its coverage for a number of positions where all credit information may be considered. Id. § 1024.5(a)(1)-(8). Fourth, the requirements of § 1024.5 apply to employers and impose certain obligations on them, not on the suppliers of background information. Fifth, the Court also does not find it particularly relevant for purposes of this discussion that Defendant provides "[o]n the first page of every employment background check report that [it] issues," a disclosure mandated by the ICRAA. (MJP Opp. at 8.) As Defendant argues, "its decision to utilize an ICRAA disclaimer out of an abundance of caution . . . does not make ICRAA clear or constitutional." (Docket No. 20, [Reply to Mot. for Judgment on the Pleadings ("MJP Reply")] at 3.) The inclusion of said disclaimer is no more indicative that Defendant thought ICRAA applied than that Defendant worried that ICRAA **might** apply.

But the most fundamental flaw in the argument is that it fails to recognize that criminal background information fits both into the category of character evidence under the ICRAA and in the category of creditworthiness under the CCRAA. See Cal. Civ. Code § 1785.13(a)(6); Moran, 2012 U.S. Dist. LEXIS 158598 at *20-22. Not only does the CCRAA imply as much, but "common sense dictates that [an applicant's] criminal record can provide insight into their creditworthiness and credit capacity." Moran, 2012 U.S. Dist. LEXIS 158598 at *21. Thus, because criminal information bears both on character and on creditworthiness, the Court must address the issue at the center of this dispute: When one who compiles background checks is confronted with information that falls within both the ICRAA and the CCRAA, is there a rational basis to determine which statute governs the report? See Ortiz, 69 Cal. Rptr. 3d at 75; Moran, 2012 U.S. Dist. LEXIS 158598 at *23. Like the courts before this action, the Court is compelled to answer that question in the negative. As the Trujillo court phrased it, "ever since a 1998 ICRAA amendment, it is hopelessly uncertain on which side of the fence [criminal history] information falls." Trujillo, 68 Cal. Rptr. 3d at *740-41.

The Court finds "that the criminal information in the instant Report clearly subjects it to the CCRAA as well as the ICRAA," and "the Court perceives no rational basis to decide that the Report should be governed by one statute versus the other." Moran, 2012 U.S. Dist. LEXIS 158598 at *22. Accordingly, the ICRAA is unconstitutionally vague as applied because Defendant did not have sufficient notice that the statute covered the Report at issue.

Case 2:12-cv-06284-BRO-E   Document 37   Filed 03/19/13   Page 9 of 14   Page ID #:332

LINKS: 8, 19

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6284 GAF (Ex) | Date | March 19, 2013 |
|---|---|---|---|
| Title | Jane Roe v. LexisNexis Risk Solutions Inc et al | | |

### b. Sixth & Seventh Causes of Action - UCL

Defendant argues that Plaintiff's claims under the UCL must fail because: (1) Plaintiff lacks standing; (2) Plaintiff's UCL claims are preempted; (3) Plaintiff's UCL claims must fail to the extent they are predicated on violations of the ICRAA; and (4) Plaintiff has adequate remedies at law. (MJP Mem. at 15-20.) Plaintiff opposes on the grounds that Plaintiff has properly alleged standing and her UCL claims are not preempted. (MJP Opp. at 10-11.) Before the Court addresses the merits of Defendant's arguments, the Court notes that Plaintiff's UCL claims are derivative of, and rely upon, Plaintiff's FCRA and ICRAA claims. See Compl.; Jorque v. Am. Brokers Conduit, 2012 U.S. Dist. LEXIS 171388, at *6 (N.D. Cal. Dec. 3, 2012); Leong v. Carrier IQ, Inc., 2012 U.S. Dist. LEXIS 59480, at *6 (C.D. Cal. Apr. 27, 2012).

### i. Standing

Plaintiff seeks only injunctive relief under her UCL claims. (Compl. ¶¶ 71, 77, at 13.)[2] Accordingly, Plaintiff must meet the standing requirements to pursue injunctive relief under the UCL. Defendant argues that "Plaintiff has no standing to bring a UCL claim against LexisNexis because she has failed to allege that LexisNexis took money or property from Plaintiff that would otherwise be subject to disgorgement or restitution." (MJP Mem. at 15.)

"To have standing to bring a claim under the UCL, a private plaintiff must show that it 'has suffered injury in fact and has lost money or property as a result of' unfair competition." POM Wonderful LLC v. Coca-Cola Co., 679 F.3d 1170, 1178 (9th Cir. 2012). When a plaintiff is seeking only injunctive relief, she need not also establish standing to seek restitution. See Kwikset Corp. v. Superior Court, 246 P.3d 877, 895 (Cal. 2011) ("Ineligibility for restitution is not a basis for denying standing under section 17204 . . . .")

Accordingly, the Court finds Defendant's argument unpersuasive. Plaintiff has indeed pleaded all she needs to in order to seek injunctive relief under the UCL - "[a]s a direct and foreseeable result of Defendants' wrongful conduct, Plaintiff lost a valuable employment opportunity, suffered significant economic, emotional, and mental distress, and is at risk of losing her home . . . ." (Compl. ¶ 37.) At this stage it is clear that Plaintiff "satisf[ies] the

---

[2] The Court does not interpret Plaintiff's Complaint as seeking restitution, but to the extent it does Plaintiff lacks standing to seek that remedy. "[D]isgorgement of . . . profits is not an authorized remedy in an individual action under the UCL" when those "profits are neither money taken from a plaintiff nor funds in which the plaintiff has an ownership interest." Korea Supply Co. v. Lockheed Martin Corp., 63 P.3d 937, 941 (Cal. 2003)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6284 GAF (Ex) | Date | March 19, 2013 |
|---|---|---|---|
| Title | Jane Roe v. LexisNexis Risk Solutions Inc et al | | |

UCL's standing requirements because [she has] alleged injury-in-fact and a loss of income as a result of unlawful competition," which "is all that the statute requires." White v. Trans Union, LLC, 462 F. Supp. 2d 1079, 1084 (C.D. Cal. 2006).

### ii. Preemption

Defendant argues that UCL claims seeking injunctive relief are preempted by the FRCA. (MJP Mem. at 18-19.) Plaintiff avers that recent Ninth Circuit and California Appellate Court case law expressly disavow Defendant's argument. (MJP Opp. at 10-11.)

Generally, the FCRA preempts state laws "with respect to the collection, distribution, or use of any information on consumers, or for the prevention or mitigation of identity theft" only to the extent they are inconsistent with the FCRA. 15 U.S.C. § 1681t(a). The FCRA also prevents state laws from imposing "requirement[s] or prohibition[s]" relating to certain regulated subject matter. Id. § 1681t(b). Plaintiff argues that her UCL claims seeking injunctive relief are "not preempted by the FCRA . . . because they are not inconsistent with any provision of the FCRA and they are not 'requirements or prohibitions' with respect to a regulated subject matter." (Id. at 11.) Plaintiff relies heavily on the Ninth Circuit opinion, Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147 (9th Cir. 2009). However, that case involved the private enforcement provisions of Section 1785.25(a) of the CCRAA, which was explicitly saved from preemption by Congress when it enacted the FCRA. Id. at 1171. Plaintiff also relies on Sanai v. Saltz, 88 Cal. Rptr. 3d 673, 694 (Cal. App. 2d Dist. 2009), which in relevant part does not differ from Gorman. Defendant notes that neither of Plaintiff's cited cases involve UCL claims, and argues that at least two district courts in this Circuit have found that UCL claims for injunctive relief are preempted by the FCRA. (MJP Reply at 9-10 (citing Moran, LLC, 2012 U.S. Dist. LEXIS 158598 at *23-24; Quadrant Info. Servs., LLC v. LexisNexis Risk Solutions, Inc., 2012 U.S. Dist. LEXIS 108597 at *7 (N.D. Cal. July 31, 2012)).)

The Court finds Moran and Quadrant persuasive. Following the Fifth Circuit, Quadrant found that "[a]lthough private litigants may maintain a claim for damages under the FCRA, only the Federal Trade Commission ('FTC') is empowered by statute to seek equitable relief." Quadrant, 2012 U.S. Dist. LEXIS 108597 at *7 (citing Washington v. CSC Credit Servs., 199 F.3d 263, 268 (5th Cir. 2000)). The Fifth Circuit "h[eld] that the affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6284 GAF (Ex) | Date | March 19, 2013 |
|---|---|---|---|
| Title | Jane Roe v. LexisNexis Risk Solutions Inc et al | | |

the FTC." Washington, 199 F.3d at 268. Moran agreed, holding that "[a]llowing private litigants to enforce provisions of the FCRA by injunction through a state law vehicle would constitute an end-run around Congress's clear intent that the power to enforce the FCRA must rest with the FTC alone." 2012 U.S. Dist. LEXIS 158598 at *24.

Accordingly, the Court finds that Plaintiff's UCL claims are preempted.[3] Because the Court so finds, the Court need not address whether Plaintiff sufficiently alleged lack of adequate remedies at law.

**3. CONCLUSION**

The Court **GRANTS** Defendant's motion for partial judgment on the pleadings. Plaintiff's third, fourth, fifth, sixth, and seventh claims are **DISMISSED**.

**B. MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

Plaintiff seeks leave to file a First Amended Complaint in order to add two plaintiffs and two causes of action. Plaintiff seeks to add two plaintiffs - John Doe and John Roe - under Federal Rule of Civil Procedure 20(a)(1) and two new claims under Rule 15(a)(2). The Court will address Plaintiff's request to add plaintiffs and add claims separately.

**1. NEW PARTIES**

*a. Legal Standard - Rule 20(a)*

Federal Rule of Civil Procedure 20 permits permissive joinder of plaintiffs if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Rule 20(a) "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). "Even once these requirements are met, a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000) (quoting Desert Empire Bank

---

[3] Additionally, the Court notes that because the Court found ICRAA unconstitutionally vague as applied to the Report, the same alleged ICRAA violation could not buttress Plaintiff's UCL claims.

Case 2:12-cv-06284-BRO-E   Document 37   Filed 03/19/13   Page 12 of 14   Page ID #:335

LINKS: 8, 19

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6284 GAF (Ex) | Date | March 19, 2013 |
|---|---|---|---|
| Title | Jane Roe v. LexisNexis Risk Solutions Inc et al | | |

v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980).

### b. *Application*

Plaintiff, though apparently knowing the appropriate rule governing permissive joinder has, intentionally or not, managed to miss a crucial part of the rule. Plaintiff argues that "multiple plaintiffs may be joined if any question of law or fact common to all plaintiffs will arise in the action." (MTA at 2.) Plaintiff reiterates her interpretation of Rule 20(a) in her reply brief. (Docket No. 26, [Reply to Mot. to Amend ("MTA Reply")] at 1.) Rule 20(a), however, presents a clear and unmistakable conjunctive framework. Common questions of law or fact is half of that framework. What Plaintiff misses - and in so doing fails to argue - is that there is any "right to relief arising out of the same transaction and occurrence . . . ." Coleman, 232 F.3d at 1296. The Ninth Circuit "has described the term 'transaction or occurrence' as referring to 'similarity in the factual background of a claim'; claims that 'arise out of a systematic pattern of events' arise from the same transaction or occurrence." Bautista v. Los Angeles County, 216 F.3d 837, 842-43 (9th Cir. 2000) (Reinhardt, J. concurring) (quoting Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997)); see also Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. Mo. 1974) ("[A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence.")

It is abundantly apparent that there is no similarity in factual background or a systematic pattern of events. As Defendant argues, "[u]nder Plaintiff's reasoning, whenever LexisNexis prepares a background report for anyone that contains criminal history information, Plaintiff should be allowed to add that person to this lawsuit." (Docket No. 24, [Opp. to Mot. to Amend ("MTA Opp.")] at 2.) Defendant's argument illustrates a fundamental flaw in Plaintiff's approach - the new persons Plaintiff attempts to add have nothing to do with Plaintiff and her allegations. Plaintiff cannot even argue the same harm occurred. While Plaintiff and proposed plaintiff John Doe were denied employment, proposed plaintiff John Roe was a temporary employee who was denied a permanent position. (See PFAC.) In any event, even taking the denial of employment as the unifying allegation of harm, the Ninth Circuit is clear that this common allegation does not itself suffice. As the Ninth Circuit held in Coughlin, a case stemming from alleged delay by the Immigration and Naturalization Service in dealing with certain pending applications and petitions:

> [T]he mere allegation of general delay is not enough to create a common transaction or occurrence. Each Plaintiff has waited a different length of time, suffering a different duration of alleged delay. Furthermore, the delay is disputed in some instances and varies from case to case. And, most importantly, there may be numerous reasons for the alleged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6284 GAF (Ex) | Date | March 19, 2013 |
|---|---|---|---|
| Title | Jane Roe v. LexisNexis Risk Solutions Inc et al | | |

delay. Therefore, the existence of a common allegation of delay, in and of itself, does not suffice to create a common transaction or occurrence . . . .

130 F.3d at 1350; see also Malibu Media LLC v. Doe, 2012 U.S. Dist. LEXIS 152500, at *14-15 (C.D. Cal. Oct. 10, 2012), Coalition for a Sustainable Delta v. United States Fish & Wildlife Serv., 2009 U.S. Dist. LEXIS 111743, at *9-21 (E.D. Cal. Nov. 17, 2009). Plaintiff and each proposed plaintiff applied to different companies and each had different alleged inaccuracies reported. And as in Coughlin, there may be numerous, different reasons why Plaintiff and each proposed plaintiff failed to obtain the positions they sought. C.f. Bautista, 216 F.3d at 843 ("[E]ach plaintiff in this case claims to have lost his or her employment at the same time due to the same event . . . ."). The claims of Plaintiff and each proposed plaintiff arise from discrete, separate, unrelated occurrences. See Iyigun v. Cavalry Portfolio Servs., LLC, 2013 U.S. Dist. LEXIS 5314, at *6-7 (C.D. Cal. Jan. 8, 2013). By no means would it comport with principles of fundamental fairness to permit these unrelated plaintiffs, with claims stemming from unrelated occurrences, to join in claims against Defendant.

Accordingly, the Court **DENIES** Plaintiff's motion to join proposed plaintiffs John Doe and John Roe.

**2. NEW CLAIMS**

*a. Legal Standard - Rule 15(a)*

Federal Rule of Civil Procedure 15 permits a party to amend its pleading once "as a matter of course" within 21 days after serving it, or 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Subsequently, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule directs that the court "should freely give leave when justice so requires." Id. Circuit law teaches that this policy should be "applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Federal courts consider a non-exhaustive list of factors in determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

In the Ninth Circuit, these factors are not weighed equally; the prejudice factor "carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003); DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186-87 (9th Cir. 1987). The party

LINKS: 8, 19

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-6284 GAF (Ex) | Date | March 19, 2013 |
|---|---|---|---|
| Title | Jane Roe v. LexisNexis Risk Solutions Inc et al | | |

opposing amendment bears the burden of showing prejudice. DCD, 833 F.2d at 186. "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, 316 F.3d at 1052.

   *b. Application*

Plaintiff seeks to add two new claims: (1) violation of the FCRA, 15 U.S.C. § 1681b(b)(1)(A)(ii); and (2) violation of the ICRAA, Cal. Civ. Code § 1786.20(c).

Regarding Plaintiff's request to add the aforementioned claims, the Court finds it necessarily futile. As Plaintiff makes evident in her reply brief, Plaintiff "seeks to add two claims relating to Defendant's violation of California equal opportunity laws and regulation [sic] that are specific to Mr. John Doe and Mr. John Roe." (MTA Reply at 2.) The claims Plaintiff seeks to add are not brought on behalf of Plaintiff. (Id. at 2-3, 6.) Because the additional causes of action would only be asserted on behalf of John Doe and John Roe, and because the Court denied their joinder, adding these causes of action would be futile.

Accordingly, the Court **denies** Plaintiff's motion insofar as she attempts to add the aforementioned causes of action.

   3. CONCLUSION

The Court **DENIES** Plaintiff's motion for leave to file a first amended complaint. Plaintiff's original Complaint remains the operative pleading.

## IV.
## CONCLUSION

For the foregoing reasons, Defendant's motion for partial judgment on the pleadings is **GRANTED**. Plaintiff's third, fourth, fifth, sixth, and seventh causes of action are **DISMISSED with prejudice**. Additionally, Plaintiff's motion for leave to file a first amended complaint is **DENIED**. The hearing presently scheduled for Monday, March 25, 2013 is hereby **VACATED**.

   **IT IS SO ORDERED.**